

FILED ____ ENTERED
____ LOGGED ____ RECEIVED

MAR 2 3 2016

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY
DEPUTY

TPW/JLW: USAO 2015R00583

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  GJH-15-0508 |
| | * | |
| EVANS APPIAH, | * | (Conspiracy to Commit Wire Fraud, |
| a/k/a "Sean Carter," | * | 18 U.S.C. § 1349; Mail Fraud, 18 |
| | * | U.S.C. § 1341; Wire Fraud, 18 U.S.C. |
| Defendant | * | § 1343; Aggravated Identity Theft, 18 |
| | * | U.S.C. § 1028A; Forfeiture, 18 U.S.C. |
| | * | § 981(a)(1)(C), 21 U.S.C. § 853, |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

**\*\*\*\*\*\*\*\***

## SUPERSEDING INDICTMENT

### COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Superseding Indictment:

1.      Defendant **EVANS APPIAH ("APPIAH"), a/k/a "Sean Carter,"** was a resident of Silver Spring, Maryland.

2.      **APPIAH** maintained the following bank accounts, among others (together, the "Drop Accounts"):

   a.      Account number ending in x1083 with Wells Fargo Bank, N.A., held in the name of "Evans Appiah" ("Wells Fargo x1083"); and

   b.      Account number ending in x7549 with PNC Bank, N.A., held in the name of "Evans Appiah" ("PNC x7549").

3.      Victim A was a resident of Wisconsin.

4.        Victim B was a resident of California.

## Background on Internet Romance Scams

5.        Fraudsters have developed an internet-based romance scam using popular dating websites, such as Match.com.  Commonly posing as someone from a primarily English-speaking country, the fraudsters search online dating websites and initiate romantic relationships with female and male victims for the purpose of obtaining money.

6.        The relationships typically begin with emails and instant messaging and, on occasion, escalate to telephone calls.  Eventually, after gaining the victim's confidence, the fraudsters begin asking for money for a variety of reasons, often invoking false stories and promises.

7.        The victims often are convinced by the fraudsters to send money in several ways, including checks sent by mail to third parties in the United States, wire transfers to identified bank accounts in the United States (such as the Drop Accounts), cash deposits to identified bank accounts in the United States (such as the Drop Accounts), and domestic or foreign money transfers via Western Union or MoneyGram money transfers.

8.        The fraudsters often rely on holders of bank accounts in the United States, such as the Drop Accounts, to receive money from the victims.  The holders of such bank accounts typically then disburse money received from the victims by using wires to transfer money to other accounts, by initiating account transfers to other accounts at the same bank, by withdrawing sums of money, by obtaining cashier's checks, and by writing checks to other individuals or entities.

## The Conspiracy

9.     Between at least in or about December 2013 and in or about June 2015, in the District of Maryland and elsewhere, the defendant,

### EVANS APPIAH,
### a/k/a "Sean Carter,"

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to knowingly devise a scheme and artifice to defraud Victim A, Victim B, and other victims (collectively, "the Victims"), and to obtain money and property from the Victims, by means of materially false and fraudulent pretenses, representations, promises, and material omissions ("the scheme to defraud"), and for the purpose of executing and attempting to execute the scheme to defraud did knowingly and willfully transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

## Manner and Means of the Conspiracy and Scheme to Defraud

10.     It was part of the conspiracy and scheme to defraud that **APPIAH** opened and maintained the Drop Accounts, including Wells Fargo x1083 and PNC x7549, in order to receive money into the Drop Accounts from the Victims.

11.     It was further part of the conspiracy and scheme to defraud that **APPIAH** received funds from the Victims, including Victim A and Victim B, and deposited, or caused to be deposited, those funds into the Drop Accounts.

12.     It was further part of the conspiracy and scheme to defraud that **APPIAH** disbursed the money received from the Victims into the Drop Accounts by using wires to

transfer money to other accounts, by withdrawing sums of money, and by purchasing goods for

shipment to others outside of the United States.

18 U.S.C. § 1349

## COUNT TWO
### (Mail Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 8 and 10 through 12 of Count One are incorporated here.

2.      On or about January 29, 2015, in the District of Maryland and elsewhere, the

defendant,

**EVANS APPIAH,**
**a/k/a "Sean Carter,"**

for the purpose of executing the scheme to defraud, knowingly caused to be delivered by mail

and by private and commercial interstate carrier from Wisconsin to Maryland a FedEx package

containing cashier's checks from Victim A.

18 U.S.C. § 1341
18 U.S.C. § 2

## COUNTS THREE AND FOUR
### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 8 and 10 through 12 of Count One are incorporated here.

2.      On or about each of the dates listed below, in the District of Maryland and elsewhere, the defendant,

**EVANS APPIAH,**
**a/k/a "Sean Carter,"**

for the purpose of executing and attempting to execute the scheme to defraud, knowingly and willfully transmitted and caused to be transmitted by means of wire communication, in interstate and foreign commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Wire Communication |
|-------|------|--------------------|
| 3 | January 30, 2015 | Wire communication from Maryland to Pennsylvania, caused by **APPIAH**'s deposit of $35,000 cashier's check from Victim A into PNC x7549 in Maryland |
| 4 | January 30, 2015 | Wire communication from Maryland to Wisconsin, caused by **APPIAH's** deposit of $35,000 cashier's check from Victim A into Wells Fargo x1083 in Maryland |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 8 and 10 through 12 of Count One are incorporated here.

2.      On or about January 30, 2015, in the District of Maryland and elsewhere, the

defendant,

### EVANS APPIAH,
### a/k/a "Sean Carter,"

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly

possess and use, without lawful authority, a means of identification of another person, knowing

that the means of identification belonged to another person: to wit, the name of Victim A, during

and in relation to a felony violation, that is, conspiracy to commit wire fraud,  mail fraud, and

wire fraud, in violation of 18 U.S.C. §§ 1349, 1341, and 1343, as charged in Counts One through

Four of this Superseding Indictment and incorporated here.


18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNT SIX
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 through 8 and 10 through 12 of Count One are incorporated here.

2.    On or about December 4, 2014, in the District of Maryland and elsewhere, the defendant,

### EVANS APPIAH,
### a/k/a "Sean Carter,"

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person: to wit, the name of Victim B, during and in relation to a felony violation, that is, conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of this Superseding Indictment and incorporated here.


18 U.S.C. § 1028A
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Counts One through Four of this Superseding Indictment.

2.      As a result of the offenses set forth in Counts One through Four of this Superseding Indictment, the defendant,

**EVANS APPIAH,**
**a/k/a "Sean Carter,"**

shall forfeit to the United States any property, real and personal, which constitutes and is derived from proceeds traceable to such violations, including but not limited to $293,254.93 in United States currency.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture

of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date:  March 23, 2016