**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| EVANS APPIAH, | * |
|     Petitioner, | * |
| v. | Civil Case No.: GJH-17-2922 |
| | *     Criminal Case No.: GJH-15-508 |
| UNITED STATES OF AMERICA | |
| | * |
|     Respondent. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

*Pro se* Petitioner Evans Appiah was sentenced to 84 months of imprisonment, to be followed by a term of supervised release of three years, after he was convicted by a jury of one count of conspiracy to commit wire fraud, one count of mail fraud, two counts of wire fraud, and one count of aggravated identity theft. ECF Nos. 70, 86. Pending before the Court is Petitioner's Motion for Court Appointed Counsel, ECF No. 110, and Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 113. No hearing is necessary to resolve either motion. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied and Petitioner's Motion for Court Appointed Counsel is denied.

**I.**      **BACKGROUND**

On September 23, 2015, Petitioner was charged by Indictment with one count of mail fraud, two counts of wire fraud, and one count of aggravated identity theft. ECF No. 1. On October 13, 2015, Petitioner pleaded not guilty to all four counts in the Indictment. ECF No. 16. On March 23, 2016, the grand jury issued a Superseding Indictment, which charged

Petitioner with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One); mail fraud, in violation of 18 U.S.C. § 1341 (Count Two); two counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts Three and Four); and two counts of aggravated identity theft, in violation of § 1028A (Counts Five and Six). ECF No. 41. The Superseding Indictment generally charged Petitioner with using internet-based dating sites to obtain money from unwitting victims. *Id.* Petitioner pleaded not guilty to all six counts in the Superseding Indictment on April 4, 2016. ECF No. 43.

On May 4, 2016, the jury convicted Petitioner on Counts One through Five of the Superseding Indictment. ECF No. 70. On September 15, 2016, the Court sentenced Petitioner to a total term of imprisonment of 84 months, consisting of concurrent terms of 60 months for Counts One through Four and a consecutive term of 24 months for Count Five. ECF No. 86. That same day, Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, ECF No. 88, which affirmed the Court's judgment on May 17, 2017, ECF No. 109.

On May 26, 2017, Petitioner filed a Motion for Court Appointed Counsel. ECF No. 110. On October 2, 2017, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 113. The Government filed a response on December 22, 2017, ECF No. 116, and Petitioner filed a reply on January 31, 2018, ECF No. 117.

## II. MOTION UNDER 28 U.S.C. § 2255

### A. Standard of Review

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

2

collateral attack." 28 U.S.C. § 2255(a). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows that the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

Petitioner contends that he is entitled to relief under § 2255 because he received ineffective assistance of counsel. Under the Sixth Amendment to the United States Constitution, a criminal defendant has the right to effective assistance of counsel. See *McMann v. Richardson*, 397 U.S. 759, 771 (1970). To be entitled to relief on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient and (2) prejudice resulted from counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). A "deficient performance" is one that falls below an objective standard of reasonableness, *see id.* at 687–88, such that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *see also United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Those errors are prejudicial where "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Courts are "highly deferential" to counsel's tactical decisions and petitioners must overcome the presumption that the challenged action falls within "the wide range of reasonable professional assistance." *Id.* at 689.

### B. Discussion

Petitioner proffers thirteen grounds to support the ineffective assistance of counsel claim he raises in his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *See* ECF No. 113. The Court will address each ground separately.

### i. Ground One

Petitioner contends that his trial counsel provided ineffective assistance by failing to object to the Court's decision not to conduct a special *voir dire* of the jury in light of his assertion that jurors may have been tainted by observing Petitioner's mother crying outside of the courtroom. ECF No. 113 at 4.[1] This claim fails because Petitioner cannot establish by a preponderance of the evidence that he suffered prejudice from counsel's failure to object. First, the Court gave extensive instructions to the jury to consider only the evidence presented in the courtroom, *see* ECF No. 99 at 149–154, and Petitioner provides no persuasive argument as to how the jury would have come to a more favorable decision had it not seen his mother crying. Moreover, even if counsel had objected to the Court's decision not to conduct a special *voir dire*, the only difference on appeal would have been that the Fourth Circuit would have reviewed the decision for abuse of discretion instead of plain error, the standard under which it affirmed this Court's decision not to conduct a special *voir dire*. *See United States v. Appiah*, 690 F. App'x 807, 808–9 (4th Cir. 2017). Although abuse of discretion is certainly a less deferential standard of review, Petitioner provides no basis for this Court to conclude that the Fourth Circuit would have reached a different conclusion under that standard. Accordingly, Ground One provides no basis for granting Petitioner's Motion.

### ii. Ground Two

Petitioner contends that his counsel failed to prepare two witnesses who invoked their Fifth Amendment rights at trial, thereby prejudicing Petitioner's defense. ECF No. 113 at 5. This claim fails. As an initial matter, Petitioner misstates in his Motion that the two witnesses invoked their Fifth Amendment rights in front of the jury. *See id.* (stating that his counsel's error

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

"resulted in two of the key defense witnesses invoking their Fifth Amendment rights in court, in front of the jury"). This is not the case, as the Court conducted a hearing outside the presence of the jury after which it ruled that Petitioner could not call either witness in his defense. ECF No. 103 at 1–2, 25, 35; *see also Appiah*, 690 F. App'x at 809–10. Thus, the timing or nature of the witness' invocation of their Fifth Amendment rights could not have had any effect on the jury nor could the jury have drawn any unwarranted inferences from that invocation.

Moreover, Petitioner cannot establish that any deficiency on the part of his counsel led to the witness' invocation of their Fifth Amendment rights because each witness was represented by separate counsel and would have invoked their Fifth Amendment rights on the advice of their own counsel, not on the advice of Petitioner's counsel. Petitioner suggests that had his counsel been more diligent and met with these witnesses before they had obtained their own counsel, they would never have invoked their Fifth Amendment rights, *see* ECF No. 117 at 4–5, but there is no basis to believe that this would have been the case or that it would have even been proper for Petitioner's counsel to convince the witnesses not to invoke their Fifth Amendment rights. Accordingly, Ground Two provides no basis for granting Petitioner's Motion.

### iii. Ground Three

Petitioner contends that both his trial and appellate counsel failed to challenge the government theory of liability on the aggravated identity theft charge. ECF No. 113 at 7. He challenges the attorneys' strategies and claims that both misunderstood the claim to be based on his use of an alias when it was actually based on his theft of the identity of one of his victims, Mary Joan Birder. *Id.* The claim fails as to both trial and appellate counsel.

As to Petitioner's trial counsel, he was free to exercise professional judgment with regard to trial tactics. *See United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) (stating that

5

counsel "are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success"). In this case, he chose to defend the aggravated identity theft charge by focusing on the overarching scheme to defraud. If successful, it would have also resulted in an acquittal on the aggravated identity theft charge, thus, counsel's strategic decision which was not objectively unreasonable.

As for Petitioner's appellate counsel, he was similarly not ineffective for his failure to challenge the Government's theory of liability on appeal because he was not required to present all potentially meritorious issues on appeal. *See Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008). Indeed, appellate counsel is entitled to "the presumption that he decided which issues were most likely to afford relief on appeal," *see id.*, and Petitioner has presented no argument or evidence to the Court that would rebut that presumption. Accordingly, Ground Three provides no basis for granting Petitioner's Motion.

### iv. Ground Four

Petitioner contends that his counsel did not properly prepare him for a pre-indictment proffer meeting with the Government at which he signed a factual proffer that exposed him to criminal liability. ECF No. 113 at 8. As a preliminary matter, Petitioner provides no authority to support his contention that his trial counsel's conduct was unreasonable. But even if his trial counsel's conduct was unreasonable, he cannot show that he was prejudiced by that conduct. First, by the terms of the proffer, it could not have been used to indict Petitioner for criminal offenses. *See* ECF No. 116-1 at 2. Nor did the Government use any statements in the proffer as part of its case in chief. In fact, it appears that the proffer was only used to impeach Petitioner when he took the stand in his own defense and testified inconsistently with statements that he had made in the proffer, *see* ECF No. 99 at 110–112, a use that the proffer specifically permitted,

6

*see* ECF No. 116-1 at 2 ("If your client is a witness in any proceeding and gives testimony that is materially different from any proffer information, the attorney for the Government or other opposing party may use proffer information in cross-examination or rebuttal").[2] Petitioner's decision to take the stand in his own defense and testify inconsistently with previous statements was his own decision, and not the decision of his counsel. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (stating that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, [such as] whether to … testify in his or her own behalf…"). Thus, any conduct by Petitioner's trial counsel in relation to the proffer was not prejudicial to the outcome of the trial. Accordingly, Ground Four provides no basis for granting Petitioner's Motion.

### v. Ground Five

Petitioner contends that his case should not have gone to trial and his trial counsel was therefore ineffective by allowing it to proceed to trial. ECF No. 113 at 13. This argument lacks merit because the decision as to whether or not to plead guilty belongs to a criminal defendant alone. *See United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010) (stating that "[a] criminal defense attorney is obligated to follow his client's wishes … with regard to the fundamental issues that must be personally decided by the client," including the decision to plead guilty). Statements made by a defendant under oath during a Rule 11 hearing are binding on him absent "clear and convincing evidence to the contrary." *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).

---

[2] In his reply, Petitioner contends that the language in the proffer permitting the use of his proffer statements under certain circumstances has been frowned upon by the Fourth Circuit. In support of his argument, he cites to *United States v. Lopez*, 219 F.3d 343, 347 n.4 (4th Cir. 2000). The language that concerned the Fourth Circuit in *Lopez*, however, is not in the proffer at issue in this case nor was it the condition precedent to the Government's use of Petitioner's proffer statements during trial.

7

Here, Petitioner pleaded not guilty to each of the counts in the Superseding Indictment at his arraignment on April 4, 2016. ECF No. 43. Petitioner provides no evidence that his decision to do so was not the product of his own decision-making. Thus, the Court cannot find that his trial counsel erred by allowing his case to proceed trial, and Ground Five therefore provides no basis for granting Petitioner's Motion.

### vi. Ground Six

Petitioner contends that his counsel failed to communicate a plea offer to him during a reverse proffer with the Government. ECF No. 113 at 13. This argument lacks merit because the record reflects that the Government never extended a formal plea offer. ECF No. 98 at 7. Moreover, Petitioner's allegations suggest that he was present during the plea offer he contends was made by the Government, thus, even accepting his allegations as true, it is unclear how his trial counsel could have acted unreasonably by failing to communicate the alleged offer to Petitioner or how Petitioner would have been prejudiced by that failure. Accordingly, Ground Six provides no basis for granting Petitioner's Motion.

### vii. Ground Seven

Petitioner contends that his counsel failed to gain the admission into evidence of a traffic ticket allegedly incurred by his co-conspirator, Bright Amparbeng, who Petitioner contends provided police with Petitioner's driver's license while Petitioner was in Ghana and was actually the one committing the crimes of which Petitioner was accused. ECF No. 113 at 14.[3] This claim lacks merit.

---

[3] In his reply brief, Petitioner attempts to restate Ground Seven as a claim that his trial counsel failed to preserve various issues related to Mr. Amparbeng for appellate review. The Court, however, cannot consider issues raised for the first time in a reply brief because the opposing party has not had an opportunity to respond. *See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 602 n.13 (4th Cir. 2013). Thus, this new argument cannot provide a basis for granting Petitioner's Motion.

First, it appears that Petitioner's trial counsel did try to admit evidence of the traffic ticket, but the Court concluded that it was inadmissible hearsay. ECF No. 103 at 85–88. Moreover, any failure by Petitioner's trial counsel to gain admission of the traffic ticket would not have been unreasonable because the intended purpose of the traffic ticket was only to refresh Petitioner's recollection when he took the stand and the Court placed no limits on the use of the evidence for that purpose. *See id.* at 88. To the extent that Petitioner contends his trial counsel should have placed a greater emphasis on the traffic ticket such that it did need to be admitted into evidence, this is a challenge to counsel's trial strategy, which is typically left to trial counsel's discretion. *See Mason*, 774 F.3d at 828.

Even if Petitioner's counsel acted unreasonably, however, that deficient representation was not prejudicial because Petitioner's defense still featured the incident involving the traffic ticket. Petitioner himself was able to testify about the events that led to the traffic ticket, including his ultimate testimony that Mr. Amparbeng gave Petitioner's identity upon issuance of the ticket, and thus he was able to present this defense to the jury. ECF No. 103 at 132–138. Counsel's closing argument also featured the traffic ticket incident. ECF No. 99 at 231. Thus, Petitioner was not prejudiced by the traffic ticket itself not being admitted into evidence because he was still able to present to the jury his theory that Mr. Amparbeng had used Petitioner's identity. Accordingly, Ground Seven does not provide a basis for granting Petitioner's Motion.

### viii. Ground Eight

Petitioner contends that counsel failed to object to the Court's erroneous ruling that Mr. Amparbeng's admission of guilt would not be admitted and failed to preserve that issue for appeal. ECF No. 113 at 15. This claim fails both as to trial counsel's failure to object and as to his failure to preserve the issue for appeal.

9

With respect to the failure to object, Petitioner cannot establish that this failure was unreasonable or that he was prejudiced by it. As the Court has stated several times, there is no requirement that Petitioner's trial counsel build his trial strategy exactly as desired by Petitioner. *See Mason*, 774 F.3d at 828. Counsel defended against the specific charges pending against Petitioner, while also arguing that Petitioner's lesser culpability compared to Mr. Amparbeng's merited Petitioner's acquittal. Thus, Petitioner's counsel did not completely disregard Mr. Amparbeng's guilt nor did he act in any other way that was objectively unreasonable simply by failing to gain admission of the guilty plea itself. Moreover, any failure to object to the Court's ruling on the admissibility of Mr. Amparbeng's guilty plea did not prejudice Petitioner because the jury still heard evidence as to Mr. Amparbeng's criminal activity, *see* ECF No. 99 at 88, 92–93, 100, and Petitioner makes no persuasive argument as to how the outcome of the trial would have been different had additional evidence been presented.

Turning to Petitioner's claim regarding counsel's failure to preserve this issue for appeal, to prevail on such a claim, Petitioner must "show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167–68 (1982). Petitioner cannot show that actual prejudice resulted from counsel's failure to preserve the issue for appeal because he likely would not have prevailed on appeal in challenging the Court's decision to exclude evidence of Mr. Amparbeng's guilty plea. "[A]ny mention of guilty pleas of nontestifying co-defendants should be avoided at trial wherever possible" because the defendant is not able to probe the motivation behind entry of the plea and introduction of such evidence "raises the concern that a defendant might be convicted based upon the disposition of the charges against the co-defendants, rather than upon

an individual assessment of the remaining defendant's personal culpability." *United States v. Blevins*, 960 F.2d 1252, 1260 (4th Cir. 1992).

Here, although Mr. Amparbeng was not even a co-defendant in the case, the Court employed similar considerations in declining to admit Mr. Amparbeng's guilty plea. The Court reasoned under Federal Rule of Evidence 403 that the guilty plea would have been more prejudicial than probative because the possibility of a minitrial of Mr. Amparbeng risked confusing the jury as to the issues in Petitioner's case. Petitioner has provided no argument that the Fourth Circuit would have disagreed with this decision, and so he cannot prevail on his challenge to his trial counsel's failure to preserve this issue for review. Accordingly, Ground Eight does not provide a basis for granting Petitioner's Motion.

### ix. Grounds Nine and Ten

Petitioner contends that counsel failed to seek dismissal of the Indictment and Superseding Indictment under the Speedy Trial Act. ECF No. 113 at 16–17. This argument fails because there was no Speedy Trial Act violation. Petitioner was arraigned on the original Indictment on October 13, 2015, ECF No. 16, at which time he pleaded not guilty to all counts in the Indictment and triggered the 70-day clock under the Speedy Trial Act. *See* 18 U.S.C. § 3161(c)(1). The Court, at the request and with the consent of both Petitioner and the Government, excluded time falling between November 4, 2015 and February 26, 2016 from this 70-day period in order to allow the defense more time to review discovery in the case. ECF Nos. 24, 34. On February 17, 2016, Petitioner filed three separate pre-trial motions, which excluded additional time under the Speedy Trial Act pending the Court's hearing on those motions. *See* 18 U.S.C. § 3161(h)(1)(D). The grand jury for the District of Maryland issued the Superseding Indictment on March 23, 2016, ECF No. 41, and on April 4, 2016, the Petitioner was arraigned

on the Superseding Indictment and the Court held a hearing on the pending pretrial motions, ECF Nos. 42, 43. The Court orally ruled on the pretrial motions on April 20, 2016, within the 30-day period permitted under 18 U.S.C. § 3161(h)(1)(H), and Petitioner's trial began on April 26, 2016.

Thus, the only time that counted toward the 70-day period under the Speedy Trial Act was the time between October 13, 2015 and November 4, 2015 (the period between the Indictment and the beginning of the excused period requested by the parties) and the time between April 20, 2016 and April 26, 2016 (the period between the Court's oral ruling on the pretrial motions and the commencement of trial). In total, this period was no more than 27 days, which is well within the 70-day period required by the Speedy Trial Act.

Petitioner's primary arguments in support of his contention that there was a Speedy Trial Act violation are (1) he was not permitted to waive the Speedy Trial Act with respect to the period between November 4, 2015 and February 26, 2016, and (2) the timing of the Superseding Indictment violated the Speedy Trial Act because it was filed more than thirty days after he was arrested. Both arguments fail. Although Petitioner is correct that criminal defendants cannot generally "opt out of the [Speedy Trial] Act," they are permitted to request continuances that fit within the specific exclusions set out in 18 U.S.C. § 3161(h). *See Zedner v. United States*, 547 U.S. 489, 500 (2006). As is relevant here, 18 U.S.C. § 3161(h)(7) provides that a court may continue the trial date beyond the 70-day time period if keeping to the 70-day time period would deny the defendant reasonable time to obtain counsel, would reasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Here, the Court continued the trial date at the request of the parties because Petitioner's counsel needed additional time to review discovery in the case, which was

necessary for effective preparation for trial. *See* ECF Nos. 24, 34. As a result, the continuance requests fit within the specific exclusions in the Speedy Trial Act.

Petitioner's timeliness argument similarly fails. Although the Speedy Trial Act does require that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges," 18 U.S.C. 3161(b), there is no similar requirement for superseding indictments. Thus, the timing of the Superseding Indictment in this case did not violate Petitioner's rights under the Speedy Trial Act. Because there was no Speedy Trial Act violation, Petitioner's counsel did not act unreasonably in failing to seek dismissal of the case on that ground, and Grounds Nine and Ten do not provide bases for granting Petitioner's Motion.

### x. Ground Eleven

Petitioner contends that his counsel failed to procure an interpreter so that his mother could testify during his sentencing hearing. ECF No. 113 at 17–18. This claim fails because Petitioner has not established that he was prejudiced by the failure of his counsel to make the necessary arrangements for his mother to testify. The Court imposed Petitioner's sentence in this case after considering the sentencing factors under 18 U.S.C. § 3553(a) and the Sentencing Guidelines; it did not base the sentence on the presence or lack of any particular evidence, and Petitioner has failed to explain how the Court's consideration would have been different had it been presented with his mother's testimony. Moreover, Petitioner does not offer any information as to what his mother would have said had she testified, and there is no reason to believe that her testimony would not have been cumulative of the testimony provided by Petitioner's friends and

13

other family members regarding his history and personal characteristics. Accordingly, Ground Eleven does not provide a valid basis for granting Petitioner's Motion.

### xi. Grounds Twelve and Thirteen

Petitioner contends that his counsel failed to object to the inappropriate application of two different sentencing enhancements. ECF No. 113 at 18–20. Specifically, he contends that his sentence was incorrectly enhanced based on the number of victims of the conspiracy because "most of the money" from the tenth victim went to his co-conspirator and that his counsel failed to object to the application of a two-level enhancement under Guideline 2B1.1(b)(1) for the use of sophisticated means and commission of a substantial part of the scheme outside of the United States.

"Barring extraordinary circumstances … an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." *United States v. Pregent*, 190 F.3d 279, 284–85 (4th Cir. 1999) (citing cases). Generally, an attorney's decision not to challenge a Guidelines enhancement is not objectively unreasonable such that it would constitute ineffective assistance of counsel. *See, e.g.*, *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

Here, the imposed sentence reflects the Court's reasoned consideration of the mandatory sentencing factors under 18 U.S.C. § 3553(a) and does not exceed the statutory maximum twenty-year penalty that Petitioner faced for his conviction on Counts One through Four and the additional mandatory two-year penalty he faced for his conviction on Count Five. Moreover, Petitioner has not identified any extraordinary circumstances that would warrant reconsideration

of the challenged enhancements. Accordingly, Grounds Twelve and Thirteen do not provide sufficient bases for granting Petitioner's Motion.

Petitioner has failed to present the Court with a meritorious basis for granting his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. It is therefore denied.

### III. MOTION TO APPOINT COUNSEL

Petitioner has also requested court-appointed counsel. ECF No. 110. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint an attorney to represent any person proceeding *in forma pauperis* who is "unable to afford counsel." In civil actions, however, the Court appoints counsel only in "exceptional" circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In doing so, the Court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (internal citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read and write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008). Inherent in this analysis is that one's indigence alone is insufficient to establish exceptional circumstances.

Here, Plaintiff requests court-appointed counsel based on his income, incarcerated status, and the seriousness of the case. He does not, however, proffer any other reasons demonstrating exceptional circumstances or a particular need that would require the immediate assistance of an attorney. He has adequately presented his claim, and the Court has concluded that his case need not proceed to discovery or a hearing. For these reasons, appointment of counsel is not warranted and Petitioner's Motion for Court Appointed Counsel is denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied and Petitioner's Motion for Court Appointed Counsel is denied. A separate Order shall follow.

Date: <u>April    8, 2020</u>                                         /s/ _____
GEORGE J. HAZEL
United States District Judge